IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FEDERATED ADMINISTRATIVE SERVICES *and* FEDERATED HERMES, INC.,<br><br>        *Plaintiffs,*<br><br>    v.<br><br>ENDURANCE AMERICAN INSURANCE COMPANY *and* CONTINENTAL CASUALTY COMPANY,<br><br>        *Defendants.* | Civil Action No. 2:23-cv-1239<br><br>Hon. William S. Stickman IV<br>Hon. Kezia O. L. Taylor |

## <u>ORDER OF COURT</u>

Federated Administrative Services ("FAS") and Federated Hermes, Inc. ("Federated") (collectively "Plaintiffs" or "Plaintiff Insureds") initiated this case against Defendants Endurance American Insurance Company ("Endurance") and Continental Casualty Company ("Continental") (collectively "Defendants") alleging that Defendants failed to provide coverage under a Primary Policy issued by Endurance and an Express Policy issued by Continental. (ECF No. 1). The four counts in Plaintiffs' complaint allege: Count I–breach of contract against Defendants; Count II–entitlement to declaratory judgment against Defendants; Count III– breach of the implied covenant of good faith and fair dealing against Endurance; and Count IV– violation of Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371, against Endurance. (*Id.*). The parties filed motions for summary judgment. (ECF No. 95, 96, and 106). In an extensive Report and Recommendation, Magistrate Judge Kezia O. L. Taylor recommended that all of the motions be granted in part and denied in part. (ECF No. 126). As to Plaintiffs' motion, she recommended it be granted as to Plaintiffs' breach of contract claim at Count I and denied as to

1

Counts II, III and IV.  As to Continental's motion, she recommended it be denied as to Plaintiffs'

breach of contract claim at Count I and granted as to Plaintiffs' claim for declaratory relief at

Count II.  As to Endurance's motion, she recommended that it be denied as to Plaintiffs' breach

of contract claim at Count I,  granted as to Plaintiffs' claim for declaratory relief at Count II, and

denied as to Plaintiffs' claims at Counts III and IV.  (*Id.*).  The parties were given the opportunity

to file objections and they did so.  Responses were also filed.  (ECF Nos. 129–31, and 134–36).

After its independent *de novo* review of the record and consideration of the pleadings of

the parties,[1] the Court hereby ADOPTS Magistrate Judge Taylor's Report and Recommendation

as its Opinion.  The Court OVERRULES the objections.  (ECF Nos. 129–31).  It concurs with

Magistrate Judge Taylor's thorough analysis of the claims and her legal conclusions.

AND NOW, this ___6___ day of August 2026, IT IS HEREBY ODERED that:

- Plaintiffs' Motion for Summary Judgment (ECF No. 96) is GRANTED IN PART and

  DENIED IN PART. The motion is granted as to Plaintiffs' claim of breach of

  contract claim at Count I,[2] and denied as to Counts II, III and IV.

- Continental's Motion for Summary Judgment (ECF No. 95) is GRANTED IN PART

  and DENIED IN PART. The motion is denied as to Plaintiffs' breach of contract

  claim at Count I, and granted as to Plaintiffs' claim for declaratory relief at Count II.

---

[1] Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); FED. R. CIV. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

[2] Although the Court has determined that there was a breach, there remain issues of fact regarding the extent of damages Plaintiffs may be entitled to as a result of the breach.  As Judge Taylor accurately notes, this is an issue for a jury.  (ECF No. 126, pp. 18-19).  Thus, the Court will not enter a judgment order as to Count I since damages are unresolved.

3

- Endurance's Motion for Summary Judgment (ECF No. 106) is GRANTED IN PART and DENIED IN PART. The motion is denied as to Plaintiffs' breach of contract claim at Count I, granted as to Plaintiffs' claim for declaratory relief at Count II, and denied as to Plaintiffs' claims at Counts III and IV.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

3